IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, S
2007 JAN 22  P 12: 25

| | |
|---|---|
| Shaheen Cabbagestalk, #295567, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C/A No. 3:06-1657-SB-JRM |
| ) | |
| Lt. Dubose; Food Supervisor ) | |
| Mr. Wilson; Corporal Eller; ) | **ORDER** |
| Ofc. Blackmon; Ofc. Hunter; ) | |
| Ofc. Torez; Corporal Ms. Wells; ) | |
| Ofc. Urey; Sgt. G. Mackey; ) | |
| Food Supervisor Mr. Townsend; ) | |
| and Lt. Ms. Adams, Night Shift, ) | |
| ) | |
| Defendants. ) | |



This matter is before the Court upon the *pro se* Plaintiff's complaint alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation of the United States Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, the Magistrate Judge recommends that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process. A party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). The Plaintiff has filed timely objections.

## BACKGROUND

On June 1, 2006, the Plaintiff filed the present § 1983 complaint against certain employees of the Kershaw County Correctional Institution ("KCCI"), the South Carolina

Department of Corrections ("SCDC") facility where the Plaintiff was confined at all times relevant to his complaint. In his complaint, the Plaintiff alleges that the Defendants are violating his freedom of religion. Specifically, the Plaintiff argues that the food provided to him at KCCI violates his Rastafari diet. Additionally, the Plaintiff states that he filed grievances concerning this matter but that he has not received any final determination. The Plaintiff attached to his complaint two Step 1 Grievance forms and a "Request to Staff" form.

After a careful review of the Plaintiff's complaint, the Magistrate Judge issued an R&R, wherein he recommends that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process to allow the Plaintiff to fully exhaust his prison administrative remedies.

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id. After a review of the entire record, the R&R, and Cabbagestalk's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R in whole and incorporates it by specific reference into this Order.

## DISCUSSION

"As a general rule, plaintiffs proceeding under § 1983 need not exhaust state administrative remedies before filing suit. The PLRA, however, reversed that rule as to prison-condition lawsuits." Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 676 (4th Cir. 2005) (citing Porter v. Nussle, 534 U.S. 516, 523 (2002); Patsy v. Bd. of Regents, 457 U.S. 496, 516 (1982), and 42 U.S.C.A. § 1997e(a)). Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1994 ed., Supp. V). "There is no doubt that the PLRA's exhaustion requirement is mandatory." Anderson, 407 F.3d at 677 (citing Porter, 534 U.S. at 524). "All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when a prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter, 534 U.S. at 524.

Although exhaustion is a prerequisite to suit, it is not a pleading requirement. Anderson, 407 F.3d at 677. Thus, the Plaintiff need not allege exhaustion of remedies in his complaint, but rather, failure to exhaust is an affirmative defense. Id. However, as the court stated in Anderson, the "determination that failure-to-exhaust is an affirmative defense does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds."

3

Id. at 681. Thus, in cases where a complaint clearly shows that an inmate has not exhausted his administrative remedies, *sua sponte* dismissal is appropriate. Id. at 682.

Here, the Plaintiff's complaint clearly shows that he has not exhausted his administrative remedies as required. In fact, as previously mentioned, the Plaintiff admits that he has not received a final answer or determination with regard to his filed grievances. Moreover, attached to the Plaintiff's response to the R&R, the Plaintiff includes a "Request to Staff" form, indicating that the Plaintiff's grievances are at Step 2 in the review process, but that no final determination had been made. Because the Plaintiff's complaint clearly shows the he has not exhausted his administrative remedies, the Court finds *sua sponte* dismissal appropriate.

Next, with respect to the Plaintiff's response to the R&R, it is fair to say that the Plaintiff does not make any specific objections to the R&R. Rather, the Plaintiff merely rehashes his allegations and states that the R&R makes no sense because his case has merit. In all, the Court finds the Plaintiff's objections without merit and undeserving of further consideration.

Finally, the Plaintiff seems to request the appointment of counsel in his response to the R&R. However, "it is well settled that there is no right to the appointment of counsel in an action brought pursuant to 42 U.S.C. § 1983." Joe v. Funderburk, 2006 WL 2707011, *4 (D.S.C. Sept. 18, 2006) (citing Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975)). And although the courts have the authority to appoint counsel for indigent defendants in civil

cases, see 28 U.S.C. § 1915(e), courts should only exercise this authority in "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Here, the Court finds that no "exceptional circumstances" warrant the appointment of counsel. Accordingly, the Court denies the Plaintiff's request for court-appointed counsel.

## CONCLUSION

For the reasons stated herein, the Court hereby adopts the R&R as the Order of the Court, and it is

**ORDERED** that the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process. Additionally, the Plaintiff's request for court-appointed counsel is denied.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

January 2-2, 2007
Charleston, South Carolina